UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GOOD I TRADING, INC.,                :
                                     :
    Plaintiff,                       :
                                     :
vs.                                  :     Case No. 1:08-cv-00905-RMC
                                     :
HANA WASHINGTON, INC.,               :
                                     :
    Defendant.                       :

## VERIFIED ANSWER

A. <u>SPECIFIC ADMISSIONS AND DENIALS</u>

1. Defendant admits plaintiff provides automated teller machine ("ATM") services to restaurants and other merchants.

2. Defendant admits it operates a restaurant at 3000 K Street, N.W., in the District of Columbia under the name "Harbor Cafe."

3. Defendant admits diversity jurisdiction but denies that the amount in controversy in this case exceeds seventy-five thousand dollars ($75,000.00). Plaintiff has filed an affidavit which overstates its liquidated damages entitlement; a proper calculation of anticipated damages under the liquidated damages provision would fall short of the required amount in controversy.

4. Defendant admits that venue is proper in this court.

5. Defendant admits execution on March 13, 2008 of the Merchant Processing Agreement ("MPA) attached as Exhibit A to the complaint. Defendant asserts that plaintiff fraudulently induced defendant to enter into the MPA by making material false statements regarding the transaction charges on which plaintiff reasonably relied, to its detriment, and further asserts that the MPA is voidable due to plaintiff's fraud. Plaintiff's fraud is set forth in

detail below as an affirmative defense.

6. Defendant admits execution of a processing agreement with another ATM service provider, but denies that such conduct constituted a breach of the contract with plaintiff.

7. Defendant denies that plaintiff has suffered any damages as the result of defendant's actions. Defendant asserts that the liquidated damages provision on which plaintiff relies for its recovery in this action is void and unenforceable as a penalty.

8. Defendant admits that the MPA between the parties provides for plaintiff to recover its attorney fees if it prevails in this litigation; defendant further asserts that it is entitled to its own legal fees if it prevails.

B. <u>AFFIRMATIVE DEFENSES AND RULE 12 DEFENSES</u>

9. Defendant denies that plaintiff may recover in this action since the contract between the parties was induced by plaintiff's fraud. Specifically, to induce defendant to contract with the plaintiff, plaintiff's sales agent Dong Bin Lee stated that plaintiff had customarily paid defendant's predecessor-in-interest $1.60 per ATM transaction, and would pay the defendant $1.75 per transaction, whereas in fact, plaintiff had customarily paid defendant's predecessor-in-interest $1.90 per transaction. Furthermore, when plaintiff's salesman Dong Bin Lee presented the Exhibit A contract to defendant's president Kyong Oh, he was asked if there was anything prejudicial or unusual in the contract. Lee replied that the contract was "normal" and did not mention the 10-year, non-cancellable nature of the contract, nor the gross nature of the termination damages specified under the contract.

10. Defendant denies that the amount legitimately in controversy equals or exceeds seventy-five thousand dollars ($75,000.00).

11. Defendant denies that the contract at issue in this case is supported by adequate consideration.

12. Defendant denies that plaintiff performed its obligations under the contract at issue in this case. Plaintiff breached the contract by failing to complete the ATM set-up as promised on Monday, March 17, 2008.

13. Defendant asserts that the liquidated damages provision on which plaintiff relies for its recovery in this action is void and unenforceable as a penalty.

14. Defendant denies that the liquidated damages provision is enforceable under Maryland law, which applies to the parties' contract.

15. Defendant denies that the liquidated damages provision contained in the parties' contract applies to the breach charged to the defendant in this case, in that the liquidated damages provision by its terms applies only if the ATM service has actually been set up and revenues have been earned by defendant, which did not happen in this case.

16. Defendant denies that plaintiff has properly calculated the damages due under the contract; plaintiff has exponentially overstated its damages.

C. RELIEF SOUGHT

WHEREFORE, defendant requests that this action be dismissed with attorney fees awarded against the plaintiff.

Simon M. Osnos   /s/
Simon M. Osnos
Osnos & Associates, LLC
7700 Leesburg Pike, #434
Falls Church, Virginia 22043
703-356-8233

VERIFICATION

I affirm under penalty of perjury that the content of the foregoing answer is true and correct to the best of my knowledge, information and belief.

_____
Kyong Oh, President
Hana Washington, Inc.


SUBSCRIBED AND SWORN TO BEFORE ME ON SEPTEMBER 3, 2008.

_____
Notary Public

Simon M. Osnos
Commonwealth of Virginia
Notary Public
Commission No. 245843
My Commission Expires 11/30/2009

CERTIFICATE OF SERVICE

On September 3, a copy of the foregoing answer was sent first class mail to plaintiff's counsel as follows:

Martin H. Schreiber II
Law Office of Martin H. Schreiber
3600 Clipper Mill Road, Suite 201
Baltimore, Maryland 21211


Simon M. Osnos /s/
_____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GOOD I TRADING, INC., :
:
    Plaintiff, :
:
vs. : Case No. 1:08-cv-00905-RMC
:
HANA WASHINGTON, INC., :
:
    Defendant. :

## ORDER

Upon consideration of the defendant's motion to file a late answer and any opposition, it is hereby ORDERED this ___ day of _____. 2008 that the motion be granted. The defendant's answer, attached to the motion, is deemed filed, and the default in this case is hereby vacated.

_____
J U D G E